167 A.3d 1287

IN THE MATTER OF JEFFREY R. POCARO, AN ATTORNEY
AT LAW (ATTORNEY NO. 023391982)

September 11, 2017

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 16–205 and DRB 16–220, concluding that **JEF-FREY R. POCARO** of **FANWOOD**, who was admitted to the bar of this State in 1982, should be suspended from the practice of law for a period of three years for violating *RPC* 1.4(c) (failing to explain a matter to the extent reasonably necessary to permit the client to make an informed decision about the representation), *RPC* 1.6(a) (improperly revealing confidential information), *RPC* 1.7(a) (concurrent conflict of interest), *RPC* 1.8(b) (using information relating to the representation of one client to the disadvantage of the client), *RPC* 1.8(f) (accepting compensation for representing a client from another person), *RPC* 5.4(c)(permitting a person who pays for legal services for another to direct or regulate the lawyer's professional judgement in rendering the legal services), *RPC* 5.5(a)(1) (unauthorized practice of law), *RPC* 8.4(d), *Rule* 1:20–16, and *Rule* 1:20–20 (conduct prejudicial to the administration of justice);

And good cause appearing;

It is ORDERED that **JEFFREY R. POCARO** is suspended from the practice of law for a period of three years, effective October 12, 2017, and until the further Order of the Court; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement

for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.